## In re Wolfe's Estate

*E. K. Herskovitz,* for petitioner.

*John M. Dervin,* for Veterans' Administration.

COUGHLIN, J., January 28, 1933.—Frank Wolfe was appointed guardian of David Wolfe, a World War veteran, on April 25, 1932, said David Wolfe being confined in the United States Veterans' Hospital at Coatesville, Pa. On May 14, 1932, the guardian received a check for $914.52 from the United States Government, and deposited the same to the account of "Frank Wolfe, Guardian", in the Miners Bank of Wilkes-Barre.

The guardian, claiming that he expended on March 9, March 15, and May 21, 1932, $46.50 for clothing for said David Wolfe, and $131.55 from January 26

to February 14, 1931, in his behalf, paid to the Harrisburg Polyclinic Hospital, asks that he be permitted reimbursement therefor. These expenditures were just prior to the time of the appointment of the guardian. A like claim is made for a drug bill of February and March 1931, amounting to $34.27, and a maintenance charge by Mrs. J. Morgan from February 16 to March 31, 1931, amounting to $135; a doctor's bill during said period of $25; a nurse's bill for $42; an additional doctor's bill for this same period, amounting to $77; and a like charge for $5 is asked as a credit by the accountant or guardian. All of the aforesaid items precede the appointment of the guardian.

A further allowance is asked for $16, paid as a premium on the guardian's bond, and $28 covering attorney's services, each of which was in connection with the appointment of guardian; also, a further charge for traveling expenses paid by the guardian in visiting the ward on March 18, 1932, amounting to $23.20, and the sum of $10 paid to David Wolfe.

Objection is made to the allowance under section 22 of the World War Veterans' Act, as amended, 38 U. S. C. § 454, which reads as follows:

"The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."

It is true that the World War Veterans' Act of 1924 provides that the compensation shall not be subject to the claims of creditors. The question here presented is whether this means that moneys used to pay just and legitimate expenses for the benefit of an incompetent are in the class of claims of creditors. It seems that hospitals ought to be paid for services to one who is a veteran, and that the veteran ought not really to be permitted to expend the fund allowed by the United States Government in disregard of the assistance given by said institutions. It further seems that reasonable allowance should be made for visits by the guardian to the ward, since the same may be advisable and necessary and are within the control of the court as to amount and frequency.

"Claims reasonable in amount and based in good faith on support and maintenance of incompetent World War veteran after appointment of committee may be deemed to be obligations incurred by committee even though there be no express agreement by committee in advance to pay them, and claims may therefore be paid out of funds received from government under the World War Veterans' Act 1924": Murphy's Committee, 227 App. Div. 839, 237 N. Y. Supp. 448 (1929).

There is no question as to the Government's right to impose conditions upon granting pensions. Speaking of the gratuitous nature of a pension, it has been said:

"It is not a right; it is a bounty; and if the government chooses to say that the money shall go absolutely to the pensioner, irrespective of the claims of any creditor or any one else, it has a right to say so." United States v. Moyers et al., 15 Fed. 411, 417.

It is to be borne in mind, however, that the purpose of the statute was to protect the recipient of the money or the war veteran, and not to militate against him in his being unable to obtain medical or hospital services. When this has been recognized as having been a necessary expenditure of the guardian, there

appears no logical reason for denying the payment thereof. This is to be differentiated from the cases holding war risk insurance exempt from taxation and barring claims of creditors thereon. It is to be borne in mind that this is the petition of the guardian himself, representing the estate of the ward. It is not the antagonistic action of a creditor. The claim is reasonable in amount; the nature of the claims indicate their necessity; the medical and hospital services went to the health of the ward. The allowance is sought and ordered under the supervision of the court. Under the particular facts in this case we deem the allowance should be permitted to the extent that the same have been enumerated above; and,

Prayer of petitioner allowed to the extent of entitling him to pay, or reimburse where payment has been made, the sum of $573.52.

From Frank P. Slattery, Wilkes-Barre, Pa.